MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: August 17, 2022

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **AUDIO VISUAL PRESERVATION SOLUTIONS, INC.,** *Plaintiff,* v. **XOHO TECH INC., XOHO TECH PRIVATE LIMITED, AND ADEEL AHMAD,** *Defendants.* | Civil Action No. 1:21-cv-7535 (ALC) |

**STIPULATED CONSENT JUDGMENT
AND PERMANENT INJUNCTION**

THIS COURT, having reviewed and taken notice of the pleadings herein, and with the consent of Plaintiff Audio Visual Preservation Solutions, Inc. ("AVP") and Defendants Xoho Tech Inc., Xoho Tech (Private) Limited, and Adeel Ahmad (collectively, the "**Xoho Defendants**"), hereby enters judgment as follows:

**FINDINGS**

1.  AVP, a New York corporation, is in the business of, among other things, providing software solutions and services to increase the efficiency and usability of information.

2.  Defendant Adeel Ahmad ("**Ahmad**"), a Pakistani citizen and resident of Australia, is the principal of Defendant Xoho Tech Inc. ("**XTI**"), a Delaware corporation, and Defendant Xoho Tech (Private) Limited ("**XTPL**"), a Pakistani private limited company. XTI and XTPL are businesses engaged in custom software development.

3.  On or about July 1, 2016, AVP, through Ahmad, entered into an agreement with

-1-

one or more of the Xoho Defendants ("**2016 Agreement**"), whereby the Xoho Defendants and/or their employees, agents, or contractors agreed to create and develop certain custom software and related technical materials for AVP and its clients and provide certain software engineering services (the "**Software**").

4. Pursuant to the terms of the 2016 Agreement, the Xoho Defendants assigned to AVP all copyrights, patents, inventions, and other rights in the Software.

5. Pursuant to the 2016 Agreement, the Xoho Defendants acknowledged that the Software contained and/or constituted AVP's confidential information and/or trade secrets, acknowledged that they would not disclose the Software to any third parties, and agreed to return or destroy all copies of the Software on termination of the agreement.

6. AVP licensed certain components of the Software to its customers in interstate and/or foreign commerce as part of its regular business operations.

7. In March 2020, AVP terminated the 2016 Agreement and reminded the Xoho Defendants that they were prohibited from disclosing any of AVP's confidential information and/or trade secrets and were required to return or destroy all of AVP's confidential information and/or trade secrets in their possession.

8. In April 2020, the Xoho Defendants informed AVP that they had destroyed all copies of the Software, related technical materials, files, and documentation.

9. In July 2020, the Xoho Defendants sent a letter to AVP claiming to be the "sole owner/creator of the software," stating that they had "all rights to use and sell" the Software, and alleging that, upon termination of the 2016 Agreement, AVP's clients' use of the Software was "without lawful justification."

10. On several occasions from July 2021 to the present, the Xoho Defendants contacted multiple of AVP's customers via email and made multiple statements regarding the ownership of the Software and related intellectual property rights, the nature of the parties' business relationship, and AVP's business activities.

11. In July 2021, the Xoho Defendants posted a copy of the source code of the Software to a public platform, GitHub repository, a popular site for publishing and distributing computer source code, including a notice that the copyright to the Software was owned by Defendant XTPL.

12. As a result of the above, a dispute arose between AVP and the Xoho Defendants regarding, amongst other things, the use and ownership of the Software.

13. At all times relevant hereto, Defendant Ahmad was and continues to be an owner, manager, member, and/or officer of Defendants XTI and XTPL and has the right and ability to control the actions of these Defendants.

14. AVP and the Xoho Defendants have reached an agreement to resolve the above-styled action and all related disputes between them, the full terms of which are set forth in a Confidential Settlement Agreement (the "**Settlement Agreement**") and which is conditioned upon entry by the Court of this Stipulated Consent Judgment and Permanent Injunction and the continuing jurisdiction of the Court over the terms and conditions set forth herein.

15. AVP and the Xoho Defendants stipulate and agree that this Court has jurisdiction to enter this Stipulated Consent Judgment and Permanent Injunction on the following terms and conditions and that the Court shall have continuing jurisdiction for purposes of enforcing this Stipulated Consent Judgment and Permanent Injunction and the Settlement Agreement.

16. Therefore, the parties hereby request that the Court enter the following Stipulated Consent Judgment and Permanent Injunction.

**ORDER**

Pursuant to the Settlement Agreement, the foregoing stipulation, and for good cause shown, the Court hereby enters the following Stipulated Consent Judgment and Permanent Injunction:

1. This Court has jurisdiction over the parties and all claims set forth in AVP's Complaint in the above-styled action.

2. Venue is proper in this District.

3. AVP has suffered damages, including loss of goodwill and damage to its reputation, as a result of the Xoho Defendants' conduct and is, therefore, entitled to injunctive relief.

4. Final judgment is hereby entered against the Xoho Defendants in AVP's favor on all claims set forth in AVP's Complaint.

5. AVP is the sole owner of all worldwide right, title, and interest in and to the Software, including all worldwide intellectual property rights contained therein and trade secrets related thereto.

6. The Xoho Defendants and their officers, directors, owners, agents, servants, representatives, employees, assigns and successors, and all persons in active concert or participation with the Xoho Defendants, shall be and are hereby permanently enjoined and restrained from reproducing, distributing, performing, publicly displaying, or preparing derivative works of the Software.

7.      The Xoho Defendants and their officers, directors, owners, agents, representatives, employees, assigns and successors, and all persons in active concert or participation with the Xoho Defendants, shall be and are hereby permanently enjoined and restrained from contacting any of AVP's customers for whom any of the Xoho Defendants had performed development work under the 2016 Agreement or who utilize the Software by any means, including but not limited to telephone, email, message boards, social media, hard copy mailings, and SMS messaging.

8.      Within three days of entry of this Stipulated Consent Judgment Permanent Injunction, the Xoho Defendants shall certify to AVP in writing that each of them has destroyed all copies of the Software and any other confidential information or trade secrets belonging to AVP and/or its clients that it may still have had in its possession, custody, or control.

9.      This Stipulated Consent Judgment and Permanent Injunction is a final adjudication on the merits of all claims asserted by any of the parties to this action.

10.     The Xoho Defendants and AVP irrevocably and fully waive any and all right to appeal this Stipulated Consent Judgment and Permanent Injunction.

11.     This Court retains jurisdiction over this Stipulated Consent Judgment and Permanent Injunction, and any applications with regard to enforcement of this Stipulated Consent Judgment and Permanent Injunction shall be directed to this Court.

12.     If the Xoho Defendants, or any one of them, violate any term of this Stipulated Consent Judgment and Permanent Injunction and fail to cure such violation within ten (10) business days after receipt of notice of the violation, the Xoho Defendants shall be jointly and severally liable for and pay to the Plaintiff its reasonable attorneys' fees incurred in connection

with any successful application to this Court for enforcement of this Stipulated Consent Judgment and Permanent Injunction.

**IT IS SO ORDERED.**

Dated: August 17, 2022

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

STIPULATED AND AGREED TO BY:

AUDIO VISUAL PRESERVATION
SOLUTIONS, INC.

BY: _____

NAME: Chris Lacinak

TITLE: President

DATE: 2022-08-01

ADEEL AHMAD

BY: _____

DATE: _____

THE SLADKUS LAW GROUP

BY: _____
Carrie A. Hanlon
S.D.N.Y Fed. Bar No. CH2273
E-mail: carrie@sladlaw.com
Jeffrey B. Sladkus
Admitted *Pro Hac Vice*
E-mail: jeff@sladlaw.com
Jason H. Cooper
Admitted *Pro Hac Vice*
E-mail: jason@sladlaw.com
1397 Carroll Drive
Atlanta, GA 30318
Telephone: (404) 252-0900
Facsimile: (404) 252-0970
*Attorneys for Plaintiff*
*Audio Visual Preservation Solutions, Inc.*

XOHO TECH INC.

BY: _____

NAME: _____

TITLE: _____

DATE: _____

XOHO TECH PRIVATE LIMITED

BY: _____

NAME: _____

TITLE: _____

DATE: _____

[DEFENDANTS' COUNSEL]

**STIPULATED AND AGREED TO BY:**

| | |
|---|---|
| **AUDIO VISUAL PRESERVATION SOLUTIONS, INC.** | **ADEEL AHMAD** |
| BY: _____ | BY: _____*Adeel*_____ |
| NAME: _____ | DATE: __8/2/2022__ |
| TITLE: _____ | |
| DATE: _____ | |
| | |
| **THE SLADKUS LAW GROUP** | **XOHO TECH INC.** |
| BY: _____ | BY: _____*Adeel*_____ |
| Carrie A. Hanlon | NAME: __Adeel Ahmad__ |
| S.D.N.Y Fed. Bar No. CH2273 | TITLE: __CEO__ |
| E-mail: carrie@sladlaw.com | DATE: __8/2/2022__ |
| Jeffrey B. Sladkus | |
| Admitted *Pro Hac Vice* | |
| E-mail: jeff@sladlaw.com | |
| Jason H. Cooper | |
| Admitted *Pro Hac Vice* | **XOHO TECH PRIVATE LIMITED** |
| E-mail: jason@sladlaw.com | |
| 1397 Carroll Drive | BY: _____*Adeel*_____ |
| Atlanta, GA 30318 | NAME: __Adeel Ahmad__ |
| Telephone: (404) 252-0900 | TITLE: __CEO__ |
| Facsimile: (404) 252-0970 | DATE: __8/2/2022__ |
| *Attorneys for Plaintiff* | |
| *Audio Visual Preservation Solutions, Inc.* | |

[~~XXXXXXXXXXXXXXX~~]